Argued May 5, affirmed November 5, 1969

# CALIFORNIA-PACIFIC UTILITIES COMPANY, Respondent, v. BARRY ET UX, Appellants.

460 P 2d 847

*Harold Banta,* Baker, argued the cause for appellants. On the briefs were Banta, Silven & Young, Baker.

*A. S. Grant,* Baker, argued the cause and filed a brief for respondent.

PERRY, C. J.

The plaintiff brought this action to condemn a perpetual easement of a right of way for a power transmission line across the property of the defendants, together with the right of ingress and egress over existing and contemplated roads for the purpose of maintenance of the line.

The plaintiff entered into possession of the property sought to be condemned and all construction had been completed at the time of trial.

The defendants alleged they were damaged by the taking in the sum of $10,055, and plaintiff by reply alleged that the damages did not exceed $1,800.

The jury returned a verdict for the defendants in the sum of $3,000. The judgment entered by the trial

court recited that the verdict of the jury was less than the tender made by the plaintiff to the defendants and therefore allowed no costs or disbursements to defendants.

The defendants contend that the failure to allow them their costs and disbursements, which includes a reasonable attorney's fee as provided by ORS 35.110, is error.

The record does not disclose what tender, if any, was made by the plaintiff to the defendants prior to the filing of the suit. The record, however, discloses that a copy of the proposed judgment was submitted by plaintiff to defendants, and that defendants filed an objection to the "Judgment of Condemnation" as follows:

"*  *  *  *  *

"That said judgment provides as a recital of fact that the amount recovered by verdict is less than the tender made prior to commencement of action, however there was no evidence introduced in this case as to the amount of the tender prior to the commencement of action and that the amount pleaded by the reply of the plaintiffs, to-wit: the sum of $1800.00, became at the time of trial the only amount of tender in evidence or in issue in this case and that the amount of recovery was in excess of said tender and a reasonable attorney's fees and Court costs should be assessed against the plaintiff in favor of the defendants Barry."

Subsequently, and before any hearing was had upon the defendants' objection, defendants filed a "Withdrawal of Objection to Proposed Form of Judgment of Condemnation" as follows:

"COMES NOW the above named defendants, Homer W. Barry and Christina Barry, his wife,

\* \* \*, and hereby withdraw any objections filed herein to the proposed form of judgment on condemnation on the ground and for the reason that defendants' attorneys have come to the conclusion that their objections were not well founded in law."

The defendants now contend that, since ORS 17.431 (6) does not require objections to findings of fact made by the trial court, they may urge on this appeal that the trial court erred in not granting defendants their costs and disbursements in this action.

ORS 35.110 provides that the trial court shall assess the costs and disbursements, including a reasonable attorney's fee, against the plaintiff unless plaintiff prior to the commencement of the action tendered to the defendant a sum equal to or in excess of the damages assessed by the jury.

■ Assuming no objection was necessary to the findings of fact set forth in the proposed judgment, a hearing was necessary to determine the amount of plaintiff's tender before the trial court could act under the provisions of ORS 35.110. The defendants' objection called the court's attention to the claimed error and then defendants withdrew the objection. This was tantamount to an admission that the tender was equal to or in excess of the damages assessed by the jury and the trial court could assume that no hearing was necessary.

A party cannot lead a court into error and then claim reversible error. *Howland v. Iron Fireman Mfg. Co.,* 188 Or 230, 213 P2d 177, 215 P2d 380; *Burgess v. Charles A. Wing Agency,* 139 Or 614, 11 P2d 811; *Richardson v. Portland T. Car Co.,* 113 Or 544, 233 P 540.

The defendants also assign as error the trial

court's exclusion of the issue of special damages caused by the plaintiff while it was constructing the roads and power lines upon the premises of the defendants.

The defendants admit that the general rule is that compensation is to be determined as of the date of the filing of the action or possession taken, since the future damage, if any, is speculative. They contend, however, that where construction has ended and the special damages can be ascertained before the cause is tried, it is proper to submit to the jury both the damages for the taking and the special damages caused during construction to avoid a multiplicity of actions. They rely upon *La Grande v. Rumelhart et al.*, 118 Or 166, 246 P 707.

■ In a proceeding to condemn ORS 35.070 requires a defendant who wishes to contest the action to "allege the true value of the land, right or easement and the damage resulting from the condemnation thereof." This statute refers only to the consequential damages to the real property.

However, in *La Grande v. Rumelhart,* supra, the construction upon the premises had been completed before the trial and the defendants then alleged in their answer the special damages suffered by the construction of the road.

Special damages must be plead to place these issues before a trier of fact. *Parker v. Harris Pine Mills, Inc.*, 206 Or 187, 291 P2d 709, 56 ALR2d 382; *Smith v. Pallay et al.*, 130 Or 282, 279 P 279.

■ The defendants did not set forth in their answer any claim for special damages. Therefore, this court's statement in *La Grande v. Rumelhart,* supra, as its reason for permitting the trial of all issues where con-

struction has been completed is inapplicable under the pleading of this case.

This court stated in *La Grande v. Rumelhart,* supra, 118 Or at 174:

"We can see no good reason for compelling the person whose land is taken for a public improvement to resort to an independent action to recover damages incidental to but directly resulting from the construction. Where the action to condemn is tried before the actual appropriation, nothing but the value of the land taken and the injury to the remaining parts of the tract should be considered."

The rule in *Rumelhart* is for the defendants' benefit. If the defendants had desired to have the issue of special damages determined in this action, they should have asked leave to amend their answer.

◼ The defendants also assign as error the trial court's striking out and instructing the jury to disregard all evidence to the effect that the construction of the power line would lead to increased trespasses by hunters and reduce the market value of the land after the taking. They rely upon the case of *Georgia-Pacific Corp. v. Miller,* 208 Or 684, 304 P2d 428, 304 P2d 440, 304 P2d 441, 63 ALR2d 308, and *Oregon Mesabi Corp. v. Johnson Lumber Corp.,* 166 F2d 997, 1001, (CA 9th, 1947).

These cases will not sustain the defendants' contention that the plaintiff's construction of the power line will depreciate the value of the remainder of their land. In those cases the evidence disclosed that hunters and campers were permitted on the premises of the plaintiff and that these parties created a danger of fire which could spread to defendant's land. The building of the railroad created an easy access to both

plaintiff's and defendant's land for these hunters and campers.

In the matter before us there is no evidence that the construction of the power line created a means of access onto the defendants' land. The only evidence is that when hunters were trespassing on defendants' land they would use the right of way as easy access from one part of defendants' property to another. All the evidence is to the effect that plaintiff had constructed and maintained a locked gate to keep trespassers from entering defendants' land.

Defendants cite no authority for the proposition that diminution in the value of the land may be considered as a damage because of unlawful trespass where the unlawful entry is not caused by any acts of the condemnor.

The judgment is affirmed.