Argued October 30, affirmed November 26, petition for rehearing denied December 20, 1973, petition for review denied February 12, 1974

## CLACKAMAS COUNTY SERVICE DISTRICT
### No. 1, *Respondent, v.* SMITH ET VIR
### (No. 76924), *Appellants.*
515 P2d 1343

*Howard R. Lonergan,* Portland, argued the cause for appellants. With him on the briefs was Louise Jayne, Portland.

*James C. Tait,* Oregon City, argued the cause for respondent. With him on the brief were Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

## LANGTRY, J.

Defendants Smith appeal from a judgment rendered by the court for $1 in favor of defendants for a sewer easement through their property.

Plaintiff by eminent domain took the easement. The last amended complaint was filed on November 17, 1971, alleging the value of the easement to be $1. Defendants filed an answer, verified by their attorney Louise Jayne, on January 10, 1972 which denied everything asserted in the amended complaint. When the case was set for trial, on March 30, 1972 the record shows that defendants moved for a continuance of one month. No objection is in the record, so the continuance was apparently acceded to by plaintiff, because the case did not come to trial until February 8, 1973, almost a year later. At that time defendants' attorney made an oral motion to "amend the answer to allege as special damages the damage done to the adjoining property * * *." No affidavit explaining the lateness or giving a reason for the motion, no amended answer asserting the proposed amendment and no oral proffer of an excuse were tendered. The court denied the motion, which denial constitutes the assignment of error. Defendants' counsel then moved for a continuance of one week, which was denied.

■ Without pleading special or consequential damages, it is simple law that a defendant in eminent domain offers no issue of such a nature. ORS 35.295;[①] *Calif.-Pacific Utilities v. Barry,* 254 Or 344, 348, 460 P2d 847 (1969). The only issue offered by the pleadings and concessions of defendants' counsel after trial began was a value of $1 for the easement, which the judgment gave them.

■ Defendants' counsel had obtained an 11-month delay before going to trial. During that time, amended pleadings could have been filed which would have offered such issues as defendants may have wanted tried. ORS 16.390. But when a trial day has been set for a second time and the court and jury are ready to proceed, as they were here, counsel has no reason to complain if the court in its discretion refuses to allow new issues to be "sprung" on a plaintiff, and refuses to allow more time to prepare the pleading of such new issues or for the trial thereof. This is particularly so when, as here, no excuse, reasonable or otherwise, is offered for the delay and no pleading of the new issues is tendered.

> "* * * [T]he granting or denial of an eleventh-hour amendment will not be reviewed on appeal unless the party aggrieved makes a showing by affidavit or otherwise of facts explaining the lateness of the filing. Such a rule is necessary in order to permit the trial courts to dispose of their business in an orderly manner. Litigants who wait until the day of trial to accommodate their pleadings to newly discovered law necessarily must offer a cogent

---

① ORS 35.295 provides:

"The defendant in his answer may set forth any legal defense he may have to the condemnation. He shall also allege the true value of the property and the damage, if any, resulting from the appropriation thereof."

reason for this court to hold that the trial court's exercise of discretion should be characterized as an abuse * * *." *Oregon P. O. Bldg. Corp. v. Mc-Vicker,* 246 Or 526, 528-29, 426 P2d 458 (1967).

Affirmed.