Argued and submitted July 16, reversed and remanded September 26, 1984

THURMAN,
*Appellant,*

*v.*

THOMAS et ux,
*Defendants,*
SHOCKMAN,
*Respondent.*

(82-9-910; CA A29516)

688 P2d 125

Garry L. Reynolds, Hermiston, argued the cause for appellant. With him on the briefs was Morrison & Reynolds, P.C., Hermiston.

Joe W. Much, Salem, argued he cause for respondent. With him on the brief was Spooner & Much, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action to recover for personal injuries allegedly caused by defendants' negligence, claiming that he was injured while using defendants' self-service car wash. He appeals from a summary judgment entered in favor of defendant Shockman.[1] We reverse.

Defendants Thomas are the owners of a parcel of real estate in Pendleton on which Shockman operates a self-service car wash. Located on the floor in the car wash is a round metal grate that fits over a sump, into which debris and water drain. The grate is similar to a manhole cover. On the day in question, plaintiff stepped on the sump cover while washing a motorcycle. It tipped suddenly under the weight of his foot and caused him to fall part way into the hole.

Plaintiff filed suit, alleging that Shockman was negligent:

"1.   In failing to inspect the grate over the drain hole, when she knew or should have known that said grate was in disrepair and was unstable, and created an unreasonable risk of danger to patrons.

"2.   In failing to warn the Plaintiff of the existence of the grate disrepair, when she knew or should have known that the disrepair existed and created an unreasonable risk of danger to patrons.

"3.   In failing to reasonably maintain said grate by repairing it with suitable materials sufficient to make it stable for patrons of the car wash to walk upon, when she knew or should have known that the grate was in disrepair and created an unreasonable risk of danger to patrons.

"4.   In failing to barricade or block off the car wash where the faulty grate was located when she knew or should have known that the faulty grate existed and created an unreasonable risk of danger to patrons."

Shockman moved against the complaint by filing a motion for summary judgment. In the supporting affidavit, she denied that the sump cover was ever unstable or in a state of disrepair before plaintiff's accident. She also disavowed any knowledge

---

[1] Defendants Thomas moved for and were granted a summary judgment on other grounds in December, 1982. Therefore, the summary judgment which is the subject of this appeal does not concern them.

of any disrepair or other similar incidents and claimed that there was no need to warn or barricade the area, because there was no known danger.

**1.** Under ORCP 47, the party moving for summary judgment must establish that (1) there is no issue as to any material fact and (2) he or she is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). In ruling on such a motion,

> "* * * [t]he court's function is not to decide whether, if it were the trier of fact, it would conclude defendant was not negligent. Rather, the court is merely to determine whether *all* reasonable minds would necesarily conclude that defendant was not negligent. * * *" *Jones v. Oberg,* 52 Or App 601, 607-08, 628 P2d 773, *rev den* 291 Or 662 (1981). (Emphasis in original.)

Normally, negligence is a question of fact to be decided by the jury. *Jones v. Oberg, supra; Hamilton v. State,* 42 Or App 821, 828, 601 P2d 882 (1979). The issue should be withdrawn from the jury only when the court can say that the actor's conduct undoubtedly falls either above or below the community's standard of reasonableness. *Hamilton v. State, supra.*

In reviewing summary judgments, we examine the record in the light most favorable to the party opposing the motion. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980); *Jones v. Oberg, supra.* After reviewing the record in this case, we conclude that plaintiff was entitled to a determination by a trier of fact. The trial judge apparently found fault with plaintiff's use of the words "disrepair," "faulty" and "unstable" in his allegations of negligence. However, in his deposition testimony, plaintiff said that the cover was not "secured." Because plaintiff "plead[ed that] the grate was in disrepair or that it was faulty in some unspecified manner, then factually contend[ed] that it was loose," the trial court concluded that there was no evidence to support his allegations. It would seem that the trial court got hung up on semantics. Perhaps plaintiff's complaint was not artfully drafted, but from plaintiff's testimony that the sump cover was loose or unsecured, we believe that one could certainly infer that it was faulty, unstable or in disrepair.

Moreover, we are not persuaded by defendant's contention that she was entitled to summary judgment because

her affidavit negated every allegation of plaintiff's complaint. Merely denying the truth of plaintiff's allegations does not make them false. If that were the case, it would become impossible for any litigant to get beyond a motion for summary judgment.

■ ■  Defendant owed plaintiff a duty to exercise reasonable care to protect him from injury while he was on her premises. That duty includes the responsibility to make inspections to discover any condition which creates an unreasonable risk of harm. *See Stocking v. Sunset Square, Inc.,* 264 Or 151, 504 P2d 100 (1972). Plaintiff testified that the cover tipped when he stepped on it. Defendant admitted that she knew the cover was loose and moveable. That at least creates a factual issue as to whether the condition was discoverable by defendant or her employes during the course of a routine inspection. Accordingly, we conclude that reasonable minds could differ about whether defendant was negligent. Therefore, it was error to grant a motion for summary judgment.

Reversed and remanded.