Argued and submitted July, affirmed October 30, reconsideration denied December 6, 1985, petition for review denied January 22, 1986 (300 Or 477)

# EDWARDS et ux,
*Appellants,*

*v.*

# LEWIS et al,
*Respondents.*

## (83-0101C; CA A34111)

707 P2d 1298

Keith S. Davidson, Portland, argued the cause and filed the brief for appellants.

Paul K. von Bergen, Beaverton, argued the cause and filed the brief for respondent Allen C. Edwards Realty Co.

Ralph Bolliger, Portland, waived appearance for respondent Toby Lewis.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an action for, *inter alia,* rescission and damages based on alleged misrepresentations and unfair trade practices. Both respondents, defendants below, were granted summary judgment. This appeal followed. We affirm.

Plaintiffs purchased a residence in 1980. Defendants served as their agents in the transaction. After occupying the house, plaintiffs discovered many defects which led to the action for rescission in 1982. One year after the action began, defendant Lewis moved for summary judgment against plaintiffs' second amended complaint. He accompanied the motion for summary judgment with his affidavit, categorically denying the misrepresentations plaintiffs alleged that he had made to them. The unfair trade practices claim against Lewis and Lewis' broker, defendant Allen C. Edwards Realty Co. (ACE), was based on the same allegations of misrepresentation.

In response to Lewis' motion, plaintiffs sought to file a third amended complaint. It contained a new and additional claim, alleging breach by Lewis of his fiduciary duty to the plaintiffs. The alleged breach of fiduciary duty claim was based on misrepresentations materially different from those alleged in the second amended complaint. The third amended complaint also continued the claim of unfair trade practices against both Lewis and ACE, based, however, on the newly alleged misrepresentations.

In October, 1983, a consolidated hearing was held on Lewis' motion for summary judgment on the second amended complaint and plaintiffs' motion for leave to file the third amended complaint. In his letter opinion, the trial judge dealt first with the motion to amend the pleadings, which he denied. Under ORCP 23, leave to amend the pleadings is left to the discretion of the court, but "leave shall be freely given when justice so requires." ORCP 23A. In this case, plaintiffs' counsel filed an affidavit asking that the third amended complaint be allowed because of the discovery of new evidence. It is clear from the record, however, that plaintiffs were well aware of the allegedly new evidence very early on in the proceedings. Plaintiffs' counsel could offer no reasonable excuse to the court for his delay in raising the new claims. The trial court did not abuse its discretion when it denied the

motion to amend. *Clackamas Co. Serv. Dist. v. Smith*, 15 Or App 421, 515 P2d 1343 (1973).

After refusing to allow the third amended complaint, the judge granted Lewis' motion for summary judgment. Summary judgment may be rendered if the pleadings, depositions and admissions on file show that there is no genuine issue of fact and that a party is entitled to judgment as a matter of law. ORCP 47C. At the hearing, this colloquy between the court and plaintiffs' counsel took place regarding the motion for summary judgment after arguments for and against allowing the third amended complaint had been heard.

"THE COURT: That still doesn't meet Lewis' summary judgment on most issues except for the new claim for relief.

"MR. WEIDNER: [The breach of fiduciary duty claim in the third amended complaint] is basically our claim of relief against Lewis.

"THE COURT: I know. Well, then you are conceding that all the rest is wrong against Lewis? I mean, that concedes Mr. Bolliger's summary judgment as to everything except a new claim for relief.

"MR. WEIDNER: Yes, against Mr. Lewis.

"THE COURT: And you are conceding that?

"MR. WEIDNER: We are conceding that what is set forth in the third amended complaint against Mr. Lewis' is the only action we have against Mr. Lewis."

The allegations against Lewis in the third amended complaint were materially different from those in the second amended complaint. Plaintiff insisted that the only valid claim against Lewis was contained in the third amended complaint which, as we have explained, the court did not allow to be filed. The court found that plaintiffs had conceded that Lewis' motion for summary judgment against the second amended complaint was well taken and granted the motion on the basis of that concession.[1] We agree with the trial court.

---

[1] Plaintiffs' concession on defendants' summary judgment is dispositive of the issue. The trial judge also relied on ORCP 47D, which allows entry of a summary judgment when a party fails to respond with counter-affidavits to a motion for summary judgment supported by affidavits. *Bevan v. Garrett*, 284 Or 293, 586 P2d 1119 (1973). However, defendants' affidavit merely denied the truth of plaintiffs' allegations, which did not satisfy defendants' burden of proving that there are no material issues of fact and that defendants are entitled to judgment as a matter of law. *Thurman v. Thomas*, 70 Or App 159, 688 P2d 125 (1984); 6 *Moore's Federal Practice*, 56.22(1), 56-1318 (2d ed 1985).

■ ■    In October, 1984, defendant ACE filed a motion for summary judgment, and it was also granted.[2] The trial court found that, under the law of principal and agent, the earlier grant of summary judgment for Lewis precluded liability of his principal, ACE. On appeal, plaintiffs argue strenuously that Lewis' summary judgment was not a final judgment for "collateral purposes." While not a final judgment, Lewis' non-liability was the "law of the case" and was not subject to relitigation in the same case. *Koch v. Southern Pacific Transportation Co.,* 274 Or 499, 547 P2d 589 (1976); *Morley v. Morley,* 24 Or App 777, 547 P2d 636 (1976). It is clear from the pleadings that plaintiffs were asserting only derivative liability against ACE based upon the alleged misrepresentation of its agent, Lewis. Having found Lewis not liable, the trial court was correct in granting summary judgment for ACE.

Affirmed.

---

[2] Previously, plaintiffs had filed a motion for new trial and alternatively for relief from judgment. The alternative motion was denied and we find no abuse of discretion which would justify reversal. *Paulsen v. Continental Porsche Audi,* 49 Or App 793, 620 P2d 1384 (1980). Plaintiffs' other assignment of error does not require discussion.