Argued and submitted July 6, reversed and remanded November 4, 1992

## BEACHCRAFT MARINE CORPORATION,
an Oregon corporation,
*Appellant,*

*v.*

## Karl KOSTER,
Francie L. Britton, Mark Baseler
and Rod Hubbart,
*Respondents.*

## (88C-11995; CA A67631)

840 P2d 1336

Kathryn H. Clarke, Portland, argued the cause and filed the briefs for appellant.

Michael Mills, Salem, argued the cause for respondents. With him on the brief was Mills & McMillin, P.C., Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff corporation appeals from a judgment entered after the trial court granted defendants'[1] motion for summary judgment. We reverse.

Plaintiff's complaint alleges numerous claims, all arising out of actions relating to plaintiff's financial decline and the sale of virtually all of its assets to defendant Koster. Plaintiff manufactured and sold pleasure boats. Defendant Baseler was an officer and director of plaintiff; defendant Hubbart was an employee. Koster was a customer of plaintiff. All defendants were in some way associated with Mirage Marine, Inc., a company in competition with plaintiff. The complaint alleges, generally, that defendants entered into an agreement to devalue and financially weaken plaintiff so that it could eventually be sold at less than fair market value to Koster. The alleged agreement and eventual sale was for the purpose of forming and benefitting Mirage Marine. Plaintiff alleges, for example, that defendants acted together to manufacture inventory without providing the required serial number identification and allowed that inventory to be transferred to Koster without receiving payment from him. During the same time, allegedly, defendants acted together to ship plaintiff's inventory to Koster and then "fraudulently and improperly" accepted reduced payments from Koster by allowing credits against invoices for engines that were never delivered to plaintiff. It also alleged that defendants acted together to reduce the value of plaintiff in part by selling its assets "for prices far below their fair value and pursuant to a scheme by which the net worth and value of plaintiff would be reduced." The complaint alleges other improper acts by defendants and makes six claims for relief, including conspiracy to convert personal property, breach of fiduciary duty, usurpation of corporate opportunity and racketeering.

Defendants moved for summary judgment. In support of their motion, they submitted affidavits that essentially deny the allegations of the complaint. Plaintiff submitted counteraffidavits. The trial court granted defendants' motion.

---

[1] The trial court dismissed the claims against defendant Britton. That dismissal is not an issue in this appeal.

Plaintiff argues that defendants' affidavits fail to show that they are entitled to summary judgment, because they contain summary denials of the allegations of the complaint and contain negative pregnants that should be considered admissions. Defendants assert that their affidavits establish their entitlement to summary judgment and that plaintiff's affidavits, submitted in opposition to the motion, do not state facts admissible in evidence that could create a fact question.

■ ■     The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. ORCP 47D; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). The moving party has the burden even on issues that the opposing party would be required to prove at trial. We view the summary judgment record in the light most favorable to the party opposing the motion. 284 Or at 699.

The essence of the complaint is that defendants agreed to and did dispose of assets of the corporation for "inadequate consideration,"[2] both when the bulk of the corporate assets were sold and leading up to the time of sale. The claims charge that defendants intentionally defrauded plaintiff, depleted its assets so that its value would be reduced and then sold plaintiff's assets to Koster to benefit the formation of Mirage Marine, with which all defendants were associated.

■     As plaintiff asserts, most of the averments in defendants' affidavits merely deny the allegations of the complaint. For example, the complaint alleges that Baseler and Britton disposed of inventory by selling it to Koster for prices far below cost. Koster's affidavit says that he "always gave adequate consideration for everything that I obtained from [plaintiff]." Defendants' mere denials are not facts underlying the conclusion that the consideration was adequate and, therefore, do not establish that there is no genuine issue of material fact. *Edwards v. Lewis*, 76 Or App 94, 97 n 1, 707

---

[2] It is apparent from the complaint that the phrase "inadequate consideration" is intended to mean less than fair market value, rather that to relate to adequacy of consideration to support an enforceable contract. *See* 1 Corbin, *Contracts* § 127 (1963).

P2d 1298 (1985), *rev den* 300 Or 477 (1986); *Thurman v. Thomas*, 70 Or App 159, 163, 688 P2d 125 (1984).

Other averments in defendants' affidavits do not meet the allegations and, therefore, do not provide evidence that they are entitled to judgment. Although the parties argue about whether the affidavits contain negative pregnants, which plaintiff argues should be deemed to be admissions, *see* ORCP 20G, the true flaw is that the affidavits do not contain *facts* that show that the claims should be resolved in defendants' favor. For example, plaintiff alleges that defendants failed to pay plaintiff's ordinary operating expenses, thereby rendering plaintiff insolvent and unable to continue. Hubbart's and Baseler's affidavits state that any failure to pay operating expenses was justified under the financial circumstances due to lack of adequate cash flow. Those averments do not resolve factual disputes; they create them.

Because defendants' affidavits do not establish that they are entitled to summary judgment,[3] we need not consider defendants' arguments relating to the adequacy of plaintiff's counteraffidavits.

Because of our disposition of the summary judgment, the award of attorney fees to defendants is also reversed.

Reversed and remanded.

---

[3] We do not imply by mentioning specific material facts that are unresolved by defendants' affidavits that they are the only material facts still in dispute.