Submitted on record and briefs December 10, 1992, reversed and remanded February 24, reconsideration denied April 28, petition for review denied May 25, 1993 (316 Or 527)

# Donald W. DAVIS,
*Respondent,*

*v.*

# Darwin K. ANDERSON
and Doris B. Anderson,
*Appellants.*

(9110-06601; CA A74313)

847 P2d 877

Darwin K. Anderson, Portland, filed the briefs for appellants.

James N. Esterkin, Portland, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

## PER CURIAM

Defendants appeal from a summary judgment. ORCP 47C. Plaintiff moved for summary judgment on the basis that a condition precedent to an agreement with defendants for the purchase of real property had not been met and therefore, he was entitled to the return of his earnest money. The agreement provides that defendants must accept or reject plaintiff as a buyer within five days of defendants' receipt of plaintiff's financial statement. In support of his motion, plaintiff averred that, in response to the submission of his financial statement, defendants notified him that they would consider the condition satisfied if plaintiff would submit a credit report on the closing date of the sale that met certain requirements.

Plaintiff's *only* argument in response to defendants' appeal is that defendants' "sole assignment of error concerns the court's failure to allow defendants' motion for summary judgment." The court did not rule on defendants motion for summary judgment because it granted summary judgment to plaintiff. Defendants have assigned as error the granting of plaintiff's motion as well as the failure to grant their motion. Because there are controverting affidavits, a genuine issue of material fact exists that precludes summary judgment.[1]

Reversed and remanded.

---

[1] A party opposing summary judgment may not rest on the allegations in that party's pleading but must, by affidavit or otherwise, set out specific facts showing that there is a genuine issue of material fact. *Bostick Family Trust v. Magliocco*, 64 Or App 305, 308, 667 P2d 1044 (1983). Mere denials of allegations in a pleading by affidavit do not establish the absence of a genuine issue of fact. *Beachcraft Marine Corp. v. Koster*, 116 Or App 133, 840 P2d 1336 (1992).