Argued and submitted March 13, reversed and remanded September 27, petition for review denied November 28, 1995 (322 Or 361)

Nancy ARMINTROUT,
*Appellant,*

*v.*

TRANSPORTATION INSURANCE COMPANY,
an Illinois corporation,
Gab Business Services, Inc.,
a Delaware corporation,
*Defendants,*

*and*

OREGON MUTUAL INSURANCE COMPANY,
an Oregon corporation,
*Respondent.*

(9305-03317; CA A82105)

903 P2d 407

Richard T. Perry argued the cause and filed the brief for appellant.

Lisa E. Lear argued the cause for respondent. With her on the brief were Stephen F. English, Beth Skillern and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals from the entry of summary judgment in favor of defendant,[1] her automobile insurer, on her claim for breach of contract. We reverse and remand.

We state the facts in the light most favorable to plaintiff, and draw all reasonable inferences from the facts in her favor. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

Plaintiff, a passenger in a car driven by her husband, was injured when it was struck by a car driven by Stephen Perry. She settled a claim against Perry for $25,000, but did not obtain the consent of defendant, her insurer. Plaintiff then filed a claim with the insurer of her husband's car, but that claim was denied, because her settlement exhausted the limits of that policy. At that point, she filed a claim with defendant for the damages that exceeded her settlement with Perry. Defendant denied the claim, on the basis of plaintiff's failure to comply with a policy provision requiring plaintiff to obtain defendant's consent before settling with a tortfeasor.

Plaintiff sued for a declaration of coverage and for damages for breach of her insurance policy with defendant. She alleged the fact of her injury and her settlement with Perry. She further alleged that she did not know that her husband's policy would not cover the full amount of her damages and that her failure to obtain consent before the settlement was "not unreasonable." Plaintiff also alleged that defendant was not prejudiced by her failure to obtain consent because Perry was judgment proof. Defendant admitted that plaintiff was injured in an accident caused by Perry, and that she had settled with him, but it denied other allegations of the complaint, including plaintiff's allegations that her failure to obtain defendant's consent was reasonable. Defendant alleged as an affirmative defense plaintiff's failure to comply with the consent-to-settle provision in the policy.

Defendant moved for summary judgment, arguing that it was entitled to judgment as a matter of law on the basis

---

[1] Although plaintiff's complaint named several defendants, Oregon Mutual Insurance Company is the only defendant that is a party to this appeal, and we refer to it as "defendant."

of the consent-to-settle provision. Defendant offered no affidavits or other evidence in support of its motion. It simply relied on its admission of certain facts and the language of the policy. Plaintiff offered no affidavits or other evidence in opposition to defendant's motion. She argued that defendant had failed to establish that it had been prejudiced by her failure to obtain defendant's consent and that her failure to do so was unreasonable. Defendant argued that the settlement with Perry had resulted in its loss of subrogation rights against Perry and that, as a matter of law, that is prejudice. Defendant further argued that it was not required to establish that plaintiff's failure to obtain its consent was unreasonable. The trial court granted defendant's motion and entered judgment accordingly.

On appeal, plaintiff argues that the trial court erred in granting defendant's summary judgment motion, because there remained genuine issues of material fact as to whether defendant was prejudiced by her failure to obtain its consent and whether her conduct was unreasonable. Defendant again responds that it has established prejudice and that it is plaintiff who must affirmatively establish that her conduct was reasonable, not defendant who must establish the contrary.

■　　Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Seeborg*, 284 Or at 699. The moving party has the burden of showing an absence of a genuine issue as to any material fact, even as to those issues that the nonmoving party would be required to prove at trial. *Beachcraft Marine Corp. v. Koster*, 116 Or App 133, 136, 840 P2d 1336 (1992).

■　　We recently addressed the factual showing necessary to enforce a consent-to-settle provision in *Federated Services Ins. Co. v. Granados*, 133 Or App 5, 889 P2d 1312, *rev den* 321 Or 512 (1995):

> "The first inquiry is whether the insurer was prejudiced by the claimant's conduct. If so, the second inquiry is whether the claimant nevertheless acted reasonably in breaching the consent-to-settle provision."

*Id.* at 9. We further held that breach of a consent-to-settle provision is evidence of prejudice to the insurer, because, as a matter of law, the breach results in the insurer's loss of its right to subrogation against the tortfeasor. We held, however, that such a breach does not conclusively establish prejudice. Evidence that the tortfeasor had little or no assets, and was "judgment proof," for example, at least raises a reasonable inference that the insurer has not been prejudiced by settlement with the tortfeasor without its consent. *Id.* at 10.

■ In this case, it is an admitted fact that plaintiff did not obtain consent to settle the case. There is, therefore, at least some evidence of prejudice. Plaintiff offered no evidence to the contrary, relying only on an unsupported allegation in her complaint that Perry was judgment proof. That allegation is insufficient to create a genuine issue of material fact as to defendant's prejudice. We turn, then, to the question whether plaintiff's conduct was nevertheless reasonable.

On that question, there is no evidence from either party. Defendant argues that it is for plaintiff to prove that she acted reasonably. Plaintiff argues that defendant must at least make a showing that there is an absence of a genuine issue of material fact on the matter, and that it has failed to do so. We agree with plaintiff. Even assuming that plaintiff has the burden of proving at trial the reasonableness of her failure to obtain defendant's consent, to prevail on its summary judgment motion it remains defendant's burden to establish that there are no genuine issues of material fact about that. Defendant has offered nothing on the point and did not carry its burden. The trial court, therefore, erred in granting defendant's summary judgment motion.

Reversed and remanded.