206 January 10, 2024 No. 26

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

U.S. BANK TRUST, N.A.,
as Trustee for LSF9 Master Participation Trust,
*Plaintiff-Appellant,*

*v.*

Martha STRICKLAND
et al.,
*Defendants,*
*and*

Shannon M. SMITH,
*Defendant-Respondent.*

Clatsop County Circuit Court
20CV15625; A178792

Katherine E. Tennyson, Judge.

Argued and submitted October 13, 2023.

John Thomas argued the cause and filed the briefs for appellant.

Dean N. Alterman argued the cause for respondent. Also on the brief was Alterman Law Group PC.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff, U.S. Bank Trust (the Bank), filed this declaratory relief action seeking to have the trial court declare the Bank's interest under a trust deed superior to the interest of both owners of a piece of property, one of whom is defendant on appeal. Defendant is not named on the deed of trust or related note; indeed, despite efforts to be added, she never was. The trial court granted defendant's motion for summary judgment, concluding that no genuine issue of material fact existed that the Bank's interest did not encumber defendant's partial ownership of the property. The Bank appeals.. Additionally, the Bank assigns error to the trial court's denial of its motion to file a third amended complaint. We affirm.

## FACTUAL BACKGROUND

The relevant facts are undisputed. This dispute centers around a piece of property in Gearhart, Oregon, that defendant and her partner, Strickland, purchased in 2007. Strickland applied for a loan with Wells Fargo Bank to fund the purchase. Defendant's mortgage broker recommended that she not include herself on the application. Wells Fargo approved Strickland's application and prepared a note and trust deed identifying only Strickland as the borrower. The statutory warranty deed was signed in July 2007, but the purchase transaction did not close until August 24, 2007. Both it and the Wells Fargo trust deed were recorded on that same day. The trust deed was recorded one minute after the statutory warranty deed was recorded. As a result, although Strickland and defendant both held a half interest in the property, only Strickland's half of the property was encumbered by the trust deed held by Wells Fargo.

The Bank acquired the loan from Wells Fargo in 2016. Wells Fargo assigned and transferred to the Bank all of its right, title, and interest in the deed of trust in the amount of $417,000, as executed by Strickland as the original trustor.

After discovering that the loan only encumbered Strickland's interest in the property, the Bank then filed this action in April 2020, bringing claims against Strickland seeking quiet title and declaratory relief of its first priority interest.

## DENIAL OF MOTION TO FILE THIRD AMENDED COMPLAINT

Approximately 18 months after it filed suit, and four months before trial, the Bank moved to file a third amended complaint to add a new claim, based on information that came from a declaration that defendant filed in response to the Bank's motion for summary judgment. The trial court denied the motion. We will "uphold a trial court's ruling denying leave [to amend the complaint] unless the court has exercised its discretion in a manner that is unjustified by, and clearly against, evidence and reason." *Dreyer v. PGE*, 300 Or App 414, 421, 453 P3d 580 (2019), *rev den*, 366 Or 731 (2020).

In the declaration that prompted the motion to file an amended complaint, defendant explained that she was in continuous possession of the property and that Wells Fargo had never asked her to "be a borrower or to pledge [her] interest in the property" to it. She also explained that she had contacted Wells Fargo numerous times to be added to the deed of trust and note. In her declaration, defendant stated that "I identified myself to Wells Fargo as an owner of the property as early as 2008, when I applied for a loan modification." She elaborated that she made "multiple attempts from 2007 until 2015 * * * to remind Wells Fargo of two facts: that I own the Property in addition to Defendant Strickland, and that I wished to be a borrower on the note. Wells Fargo was consistent throughout its communications to Defendant Strickland that I am not a borrower on the Note."

Defendant went on to explain that in 2012, defendant and Strickland again applied for a loan modification through Wells Fargo. In response to their application, Wells Fargo agreed to modify the terms of the loan; Wells Fargo did not, however, include or add defendant to the loan modification agreement.

The Bank then sought to amend its complaint to add a claim for unjust enrichment, based on information from defendant's declaration that reflected that she had been aware of the loan, had participated in discussions to modify it, and that she had "materially benefitted from the financing."

Defendant objected to the motion. She argued that the Bank, and its predecessor Wells Fargo, had known facts for years indicating that defendant knew of the loan and trust deed—since she began communicating with Wells Fargo in 2007—and, in light of that, the Bank should not be allowed to amend the complaint at that late date.

The trial court denied the motion to amend, explaining that the initial complaint had been filed about 21 months before and the Bank had already twice amended the complaint. In the court's view, "we're too late into this litigation" and that, although trial was four months off, the new theory raised "new discovery issues and research issues[.]" It also observed that although the Bank was basing its motion on new information, that information "should be in their loan file"; "[the] Bank is a—if they're the successor in interest on the loan, then they're the successor in interest on everything Wells Fargo did as well[.]" It continued: "[The] Bank, the plaintiff here, should have known that * * * at the time of the first amended complaint."

Because the motion to amend sought to add a new claim, almost two years into the case and four months before trial, based on evidence that the Bank had (or should have had) since the inception of the lawsuit, the trial court did not abuse its discretion.[1] *See Humbird v. McClendon*, 281 Or 83, 86-87, 573 P2d 1240 (1978) (no abuse of discretion to deny a motion to amend where amendment changed theory of the case); *Edwards v. Lewis*, 76 Or App 94, 96-97, 707 P2d 1298 (1985), *rev den*, 300 Or 477 (1986) (no abuse of discretion where the plaintiff sought to file a third amended complaint to add a new claim based on evidence that the plaintiffs had had in their possession since early in the proceedings).

## CHALLENGE TO GRANT OF SUMMARY JUDGMENT

We turn to the Bank's argument that the trial court erred when it granted defendant's motion for summary judgment. Shortly after the court denied the Bank's motion for leave to file a third amended complaint, defendant moved for

---

[1] Although the parties both brief whether the amendment would be futile because the new claim would be barred by laches and/or the statute of limitations, we do not read the trial court as having ruled on that issue and thus do not address it.

summary judgment. The court granted that motion, entered a judgment declaring the parties' interests consistent with its reasoning, and the Bank appeals.

We review a trial court's grant of summary judgment to determine whether there are any issues of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *see generally Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997). After reviewing the record and all reasonable inferences in the light most favorable to the Bank, *Marshall v. PricewaterhouseCoopers, LLP*, 316 Or App 610, 626, 504 P3d 1236 (2021), we affirm.

As a threshold matter, we disagree with the Bank's summary argument that, under ORCP 47, because defendant offered no affidavits in support of her motion for summary judgment—instead relying on the complaint and exhibits thereto—that alone provided a basis for the trial court to deny the motion. There is nothing in ORCP 47 C that requires a moving party to submit an affidavit in support of its motion. To the contrary, "[a] party against whom any type of claim is asserted or a declaratory judgment is sought may, at any time, move, with or *without supporting affidavits or declarations*, for a summary judgment in that party's favor[.]" ORCP 47 B (emphasis added).

We turn to the merits of the trial court's grant of summary judgment. On appeal, the parties primarily dispute the effect of ORS 93.640(1), which provides that every conveyance of property "which is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property *** whose conveyance *** is first filed for record[.]" The Bank contends that there was a dispute of fact as to whether Wells Fargo or defendant is a "subsequent purchaser" for purposes of that statute, and that, if defendant was the subsequent purchaser, whether her purchase was "in good faith and for a valuable consideration." Accordingly, the Bank argues, the trial court erred in granting summary judgment for defendant.

We agree with the Bank that there may be an issue of fact as to the order in which Wells Fargo and defendant

received their interests in the property—and, thus, which of them was the subsequent purchaser for purposes of ORS 93.640(1). Further, if the statute applied and defendant was the subsequent purchaser, the Bank would be correct that there would be a question of fact about whether defendant qualified under the statute.

However, we do not understand the trial court's grant of summary judgment to turn on application of that statute. Instead, we understand the trial court to have agreed with defendant that, regardless of whether defendant was the subsequent purchaser, her interest in the property was not subject to the trust deed. As we understand it, the trial court's conclusion was based on the fact that the sellers conveyed a half-interest in the property directly to defendant; that is, the trust deed was between Strickland and Wells Fargo and thus, even if it was first in time (before the warranty deed that conveyed the sellers' interest to defendant and Strickland), it did not encumber defendant's half-interest in the property. We also understand the trial court to have rejected the Bank's apparently equity-based arguments that defendant's knowledge of the loan and trust deed resulted in the trust deed encumbering defendant's half-interest in the property, notwithstanding that defendant was not a party to the deed or loan transaction. The Bank has not explained how the trial court's ruling in those respects is wrong. We therefore affirm.

Affirmed.