Argued and submitted January 13, reversed and remanded on appeal; cross-appeal dismissed as moot March 1, reconsideration denied April 21, petition for review denied June 13, 1989 (308 Or 142)

## VARY,
*Respondent - Cross-Appellant,*

*v.*

## FIRST INTERSTATE BANK OF OREGON, N.A.,
*Appellant - Cross-Respondent.*

(L86-2240; CA A47840)

769 P2d 242

Inge White, Roseburg, argued the cause for appellant - cross-respondent. With her on the briefs were Dan W. Clark and Dole, Coalwell & Clark, P.C., Roseburg.

Charles F. Lee, Roseburg, argued the cause for respondent - cross-appellant. With him on the brief was Parsons & Lee, Ltd., Roseburg.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant appeals a judgment for plaintiff in this action to recover compensation for services performed as trustee of the Jesse D. Nichols, Sr., Trust (Trust). *See* ORS 128.009(3)(t). Defendant assigns as error the trial court's grant of partial summary judgment to plaintiff on the issue of liability.[1] Plaintiff cross-appeals, arguing that she is entitled to prejudgment interest on the compensation that the trial court awarded. We reverse and remand.[2]

Plaintiff and Jesse D. Nichols, Sr., administered the Trust assets jointly from May 6, 1978, until Nichols' death on January 8, 1983. Plaintiff then was the sole trustee until November 1, 1985, when defendant replaced her as trustee. During her tenure as trustee, plaintiff did not request or receive compensation. After her removal, she asked to be paid for services rendered from January 8, 1983, to November 1, 1985. Defendant refused to pay, and this action followed.

In its answer, defendant denied the material allegations of the complaint and pled as an affirmative defense that plaintiff had waived any right to compensation. Plaintiff denied that affirmative defense and moved for summary judgment. ORCP 47.

In her supporting affidavit, plaintiff states:

> "I have never waived or given up my rights to fees as trustee of this estate for the period from January 8, 1983 to November 1, 1985. * * * I performed my services as trustee faithfully and was removed as trustee due to friction with other beneficiaries, not due to any shortcoming on my part * * *."

---

[1] Plaintiff's assertion that the notice of appeal, as amended, does not encompass defendant's first assignment of error is incorrect. Defendant's "Amended Statement of Points" reads: "(a) The Trial Court erred in granting Plaintiff's motion for summary judgment on the issue of waiver of trustee's fees." That restates the first assignment of error, which we decide. Perhaps because her notice of cross-appeal already had designated the transcript of the entire trial plus all of the exhibits, *see* ORAP 2.05(7), plaintiff neither claims that defendant's filing of an amended statement of points prejudiced her in responding to the appeal nor otherwise attacks the procedure that defendant used.

[2] Because of our disposition, we need not consider defendant's second assignment of error, and we dismiss plaintiff's cross-appeal as moot.

Defendant filed an affidavit from John L. Nichols,[3] which recites, in relevant part:

"During the time period that [plaintiff] was trustee of the Jesse D. Nichols, Sr., Trust, she continually represented to me and the other trust beneficiaries that she was not charging the trust for her services as trustee. She indicated instead that any fees she was receiving from the Trust represented professional fees for her accounting services. Additionally, in a letter to me dated November 5, 1984, she specifically stated that she was not taking a fee from the Trust for her time spent as trustee."

Defendant also filed a copy of a letter sent by plaintiff, which ends with these two paragraphs:

"I am enclosing a copy of the banks [sic] administration fees, as you know I do not take a fee for the time spent, only on the actual accounting matters and expenses incurred, perhaps you prefer I hire an outside accountant at $90.00 an hour.

"We are still trying to get mother's estate settled in California, better I go than Richard, the trust isn't paying for my time."

The trial court granted plaintiff's motion for summary judgment on the issue of her entitlement to fees. It ruled:

"The court finds that there is no genuine issue as to any material fact on the question of whether or not plaintiff is entitled to trustee fees from the Jesse D. Nichols[,] Sr., Trust, nor on the question of whether plaintiff has waived that compensation. Accordingly, pursuant to ORCP 47C[,] summary judgment is granted for plaintiff and against defendant on the issue of plaintiff's right to trustee's fees. This case is continued for further proceedings on the issue of the amount of compensation due plaintiff from defendant Trust."

After a trial on damages, the court fixed the amount of compensation and also awarded attorney fees.

Plaintiff is entitled to summary judgment only if she can show that no genuine issue of material fact exists and that she is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). On appeal, "[o]ur function is to determine

---

[3] Defendant filed the affidavit in support of its cross-motion for summary judgment. Although the cross-motion was not timely, the trial court treated it as a response to plaintiff's motion for summary judgment. ORCP 47C.

whether there is an unresolved issue of material fact, *Taylor v. Baker,* 279 Or 139, 145, 566 P2d 884 (1977), and we review the record in the light most favorable to [defendant]." *Bostick Family Trust v. Magliocco,* 64 Or App 305, 308, 667 P2d 1044 (1983); *see* ORCP 47D. The Nichols affidavit and plaintiff's ambiguous letter suffice to create a genuine issue of material fact on the affirmative defense of waiver.

Reversed and remanded on appeal; cross-appeal dismissed as moot.