Submitted on record and brief September 6, affirmed December 27, 2006, petition for review denied March 7, 2007 (342 Or 473)

CITIBANK SOUTH DAKOTA N.A.,
*Respondent,*

*v.*

Stephen A. SANTORO,
*Appellant.*

04CV0058; A126173

150 P3d 429

David M. Hernandez and Hernandez & Associates, LLC, filed the brief for appellant.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Linder, Judge, and Yraguen, Senior Judge.*

YRAGUEN, S. J.

---

## YRAGUEN, S. J.

Defendant (Santoro) appeals the trial court's grant of summary judgment in favor of plaintiff (Citibank). Santoro raises four assignments of error. We write only to address Santoro's contention that the trial court erred in determining that Citibank carried its burden of demonstrating the absence of a genuine issue of material fact as to defendant's liability for credit card debt. We affirm.

A party who moves for summary judgment bears the burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). We review the record on summary judgment "in the light most favorable to the party opposing the motion." *Id.*

The facts presented in the record on appeal are sparse and provide little in the way of factual background.[1] What we can glean from the record is this: Citibank, at Santoro's request, established a credit account and issued a credit card to Santoro; Santoro used the credit card issued by Citibank; and, Santoro has an outstanding and delinquent balance of $19,469.72 on his account.

Citibank brought this breach of contract action, alleging that Santoro was in default and seeking to collect the balance owing on the account. Santoro does not dispute that he received Citibank's standard form credit card agreement and used the credit card. He contends only that he is not bound by the terms of the agreement because he did not sign it. Before trial, Citibank filed a motion for summary judgment supported by affidavit. Santoro's response to Citibank's motion failed to contain supporting affidavits or declarations, as required by ORCP 47 D. However, three days later, Santoro filed his own motion for summary judgment, accompanied by an affidavit. The trial court granted Citibank's motion, apparently after considering both affidavits. The

---

[1] Citibank does not appear on appeal. Santoro obtained an order from this court allowing him to supplement the record, but he did not do so.

only issue on appeal is whether the trial court erred in granting Citibank's motion.

■    As a preliminary matter, we consider what evidence is properly a part of the summary judgment record. Under ORCP 47 C, summary judgment is proper if the "pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact * * *." ORCP 47 C. *See Fields v. Jantec Inc.,* 317 Or 432, 437, 857 P2d 95 (1993) (the record before the court under ORCP 47 C includes "affidavits and other evidence in support of, and in opposition to," the motion for summary judgment). The question here is whether the documents submitted in support of and in opposition to Citibank's motion for summary judgment should be viewed discretely, that is, separately and independently from those submitted in support of Santoro's own motion for summary judgment, or whether we view the record on the two motions together, as the trial court apparently did. That is an important distinction because, if we review Citibank's motion for summary judgment independently from Santoro's motion and affidavit, Santoro's failure to file an affidavit in opposition to Citibank's motion would, in and of itself, entitle Citibank to judgment as a matter of law. ORCP 47 D. Conversely, if the record on both motions for summary judgment may be considered together, the evidence that we can consider on review of the trial court's ruling encompasses Santoro's affidavit filed in support of his own motion.

■■    ORCP 47 is "closely patterned after Federal Rules of Civil Procedure 56, and we will give federal cases interpreting that rule considerable weight." *Garrison v. Cook,* 280 Or 205, 209, 570 P2d 646 (1977). Under FRCP 56, when simultaneous opposing motions for summary judgment are filed on the same claim, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Housing Council of Riverside v. Riverside Two,* 249 F3d 1132, 1134 (9th Cir 2001). We likewise conclude that, when simultaneous cross-motions for summary judgment are filed on the same claim, the record on summary judgment consists of documents submitted in support of and in opposition to both motions. Both Citibank's and Santoro's

motions deal with Citibank's single claim—that is, whether Santoro is liable for the balance on his credit account—and thus we conclude that they are cross-motions. We also consider the motions to be "simultaneous" in the sense that they were filed within three days of each other and were considered at the same time by the trial court. As such, we conclude that the record on summary judgment consists of affidavits and documents submitted in support of and in opposition to both motions, and we treat the affidavit submitted by Santoro in support of his motion for summary judgment as evidence in contravention of Citibank's motion for summary judgment. *See Vary v. First Interstate Bank*, 95 Or App 423, 429, 769 P2d 242, *rev den*, 308 Or 142 (1989) (treating affidavit in support of untimely cross-motion for summary judgment as affidavit in opposition to motion for summary judgment).

■ We next consider whether, on the record on summary judgment, Citibank has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. We first address Santoro's assertion that he is not bound by the terms of the credit card agreement because he did not sign it. Whether a binding contract exists between the parties is a question of law. *Key West Retaining Systems, Inc. v. Holm II, Inc.*, 185 Or App 182, 188, 59 P3d 1280 (2002), *rev den*, 335 Or 402 (2003). In the affidavit in support of its motion for summary judgment, Citibank avers that "[a] credit account * * * was established by Citibank for the defendant * * * at his request from which credit was issued." Citibank relied on its standard form agreement, a copy of which it attached to the affidavit, which stated that a credit card holder is bound to the terms of the agreement unless the account is cancelled within 30 days and the credit card is not used.[2]

■ ■ On appeal, defendant does not dispute that he received the agreement in the mail and used the credit card. He argues only that Citibank has failed to establish the absence of a genuine issue of material fact, because it has not

_____

[2] The agreement states that "[t]his Agreement is binding on you unless you cancel your account within 30 days after receiving the card and you have not used or authorized use of your account."

put into the record a signed agreement, calling into question the existence of the agreement. We do not agree. "[T]he law requires only evidence of 'mutual assent,' whether that assent is expressed through an offer and an acceptance or is manifested by conduct." *Bennett v. Farmers Ins. Co.,* 332 Or 138, 153-54, 26 P3d 785 (2001); *Martin v. Comcast of California,* 209 Or App 82, 96-97, 146 P3d 380 (2006). Conduct can manifest acceptance of an offer. *Adair Homes, Inc. v. Jarrell,* 59 Or App 80, 85, 650 P2d 180 (1982). In this case, Santoro does not dispute that he received the credit card at his request, that he did not cancel the credit card account, and that he used the credit card. We conclude that his conduct constituted an acceptance of the agreement.

Although Oregon courts have not previously addressed the issue of when credit card agreements become binding, our conclusion is consistent with a decision of the Georgia Court of Appeals. In *Davis v. Discover Bank,* 277 Ga App 864, 627 SE2d 819 (2006), Discover Bank (Discover) brought an action against the defendant to collect on a credit card debt. The trial court granted Discover's motion for summary judgment and the defendant appealed that ruling, arguing that Discover had failed to present evidence that he signed a credit application. The court held:

> "Discover need not produce a copy of Davis's application to establish the existence of a valid credit card debt.
>
> "[A] contract was effectuated in this case when [Discover] issued its credit card to the defendant to be accepted by [him] in accordance with the terms and conditions therein set forth, or at [his] option to be rejected by [him]. Such rejection need take the form of returning the card, or simply its non-use. The issuance of the card to the defendant amounted to a mere offer on plaintiff's part, and the contract became entire when [the] defendant retained the card and thereafter made use of it. The card itself then constituted a formal and binding contract."

*Id.* at 820-21. Similarly, here, Santoro's conduct in using the card constituted mutual assent to the terms of the credit card agreement.

The only remaining question is whether the record on summary judgment shows that there is no genuine issue

of material fact regarding Santoro's default. Citibank submitted evidence of its standard credit card agreement, a copy of Santoro's credit card statement showing a balance of $19,469.72, and an affidavit by Citibank's litigation management specialist attesting to establishment of Santoro's account, the account balance, the terms of the agreement, and Santoro's default on the account.

Santoro did not directly contravene that evidence; he merely denied that his account was in default because he did not have an agreement. First, as we have concluded, Santoro is incorrect that he did not have an agreement with Citibank. Second, Santoro's denial of the existence of the agreement does not refute Citibank's assertions that he used the credit card and incurred the debt, and it therefore does not establish that there is a genuine issue of material fact as to his default. *See Beachcraft Marine Corp. v. Koster*, 116 Or App 133, 136, 840 P2d 1336 (1992); *Thurman v. Thomas*, 70 Or App 159, 163, 688 P2d 125 (1984). The trial court did not err in granting summary judgment to Citibank.

Affirmed.