**IN RE: David Allen RICHARDSON, Debtor.**

**Case No. 4:13-bk-14257**

United States Bankruptcy Court, E.D. Arkansas, **Little Rock Division.**

Signed 04/19/2016

· John Alexander Flynn, Flynn Law Firm, Cabot, AR, for Debtor.

## ORDER

Phyllis M. Jones, United States Bankruptcy Judge

Before the Court are the *Objection to Proofs of Claim 7 and 8 of Portfolio Recovery Associates, LLC* ("Portfolio") and the *Objection to Proof of Claim 9 of LVNV Funding, LLC* ("LVNV") filed by the Debtor, David Allen Richardson ("Debtor").

In each objection, the Debtor argues that the claim was incurred in connection with a credit card that should be characterized as an open-end or revolving account subject to a three-year statute of limitations in accordance with state law. The Debtor further contends that each disputed proof of claim reflects debts incurred outside the three-year limit under Arkansas law and, therefore, should be disallowed because the debts are not enforceable against the Debtor.

Notice of the filing of the objections was given to Portfolio and LVNV along with a deadline for filing a response. Neither creditor filed a response. The objections were set for trial and the Court conducted a hearing on the objections on July 28, 2015, at which time the Debtor appeared through his attorney but neither creditor appeared.

Counsel argued the Debtor's position, but did not present testimony or other evidence. On December 4, 2015, the Debtor submitted a brief in support of the objections, and the Court then took the matter under advisement. For the reasons stated in the following discussion, the objections are overruled.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and these contested matters are core proceedings under 28 U.S.C. § 157(b)(2)(B). The following order constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

## BACKGROUND

The Debtor filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on July 30, 2013, and the deadline for filing proofs of claim was November 29, 2013. (Case No. 4:13–bk–14257, Docket entries 1 and 5).

Proof of Claim 7-1 was filed November 4, 2013, by creditor Portfolio in the sum of $4,448.66, and the basis of the claim is reflected as "credit card." The proof of claim includes a summary with the following information: the entity from whom the creditor purchased the account was Sherman Acquisition LLC; the entity to whom the debt was owed at the time of the last transaction on the account was Chase Bank USA; the account holder's last transaction occurred June 11, 2010; the last payment was made June 11, 2010; and the account was charged off on December 31, 2010. (Case No. 4:13–bk–14257, Claims Register, Claim 7-1).

Proof of Claim 8-1 was filed November 19, 2013, by creditor Portfolio in the sum of $6,657.65, and the basis of the claim is reflected as "credit card." The attachment to the proof of claim includes the following information: Portfolio purchased the account from SquareTwo Financial; the entity to whom the debt was owed at the time of the last transaction was Citicorp Trust Bank; the account holder's last transaction occurred on June 5, 2010; the last payment was made June 5, 2010; and the account was charged off on December 31, 2010. (Case No. 4:13–bk–14257, Claims Register, Claim 8-1).

Proof of Claim 9-1 was filed November 22, 2013, by creditor LVNV in the sum of $794.21, and the basis of the claim is reflected as "credit card." The proof of claim contains the following information: LVNV purchased the account from Soaring Capital, LLC; the entity to whom the debt was owed at the time of the last transaction was Wells Fargo Bank, N.A.; the account holder's last transaction occurred on June 6, 2010; the last payment was made June 6, 2010; and the account was charged off by the original creditor on January 31, 2011. (Case No. 4:13–bk–14257, Claims Register, Claim 9-1).

The last transaction date listed for each of the three claims at issue occurred more than three years prior to the bankruptcy petition date of July 30, 2013, but less than five years prior to the petition date.

In addition to the foregoing information disclosed, each proof of claim conforms to Official Form 10, is executed by the creditor's authorized agent, discloses that no interest and fees are included in the total obligation, and demonstrates that the claim has been transferred and that it was filed by the claim transferee. No writings supporting the basis of the debts were attached to the proofs of claim.

## DISCUSSION

### A. *Prima Facie* Evidence of Validity and Amount of Claim

■ The first issue to be determined is whether the proofs of claim at issue in this case are *prima facie* evidence of the validity and amount of the three claims. A proof of claim executed and filed in accordance with the Bankruptcy Rules "shall constitute *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). When a proof of claim complies with the Bankruptcy Rules and Official Forms, it is "*evidence* of the claim, not

simply a 'pleading containing arguments and assertions.'" *In re Muller*, 479 B.R. 508, 513 (Bankr.W.D.Ark.2012) (quoting *In re Cluff*, 313 B.R. 323, 330 (Bankr.D.Utah 2004), *aff'd*, 2006 WL 2820005 (D.Utah 2006)). Thus, if the three proofs of claim at issue properly conform to the applicable Bankruptcy Rules, they provide *prima facie* evidence of the validity and amount of the underlying claims. *Dove–Nation v. eCast Settlement Corp. (In re Dove–Nation)*, 318 B.R. 147, 152 (8th Cir. BAP 2004).

■ If *prima facie* evidence of validity is established by the creditor through a properly completed proof of claim, "'all the facts in the claim are presumed to be true unless disproved by some evidence to the contrary.'" *In re Muller*, 479 B.R. at 512 (quoting *In re Cluff*, 313 B.R. at 337). The presumption may be rebutted by the claim objector with proof that the claim fits within one of the exceptions to the allowance of claims set forth in Section 502(b) of the Bankruptcy Code. *In re Muller*, 479 B.R. at 514.

The Debtor asserts in his objection, and each proof of claim reflects, that each claim is based on credit card debt, and he further characterizes the debt as arising from an open-end or revolving account. The Advisory Committee Note to the current version of Rule 3001 sets out the applicable parts of Rule 3001 that must be complied with before claims related to open-end or revolving consumer credit agreements are entitled to the presumption described in Rule 3001(f). These include the following subsections of Rule 3001: (a) (requiring conformity with Official Form 10), (b) (requiring execution by the creditor or an authorized agent), (c)(2) (requiring provision of a statement of any interest, fees, expenses, or charges), (c)(3)(A) (requiring summary of five specif-

ic pieces of information),[1] and (e)(1) (if the claim has been transferred, requiring the filing to be by the claim transferee). *In re Crutchfield*, 492 B.R. 60, 69–70 (Bankr. M.D.Ga.2013) (citing Advisory Committee Note 2012).

Each of the contested proofs of claim, as examined in detail, clearly supplies the five items required by Rule 3001(c)(3)(A), and also satisfies Rule 3001(a), (b), (c)(2), and (e)(1) as discussed by the Advisory Committee Note. Accordingly, the Court concludes that the three proofs of claim at issue precisely conform to the applicable portions of Rule 3001 and are, thus, presumed to be *prima facie* evidence of the validity and amount of each proof of claim.

## B. Claims Based on a Writing

■ Because none of the claims attach a writing, the Debtor argues, among other things, that lack of evidence of a writing requires the application of a three-year statute of limitations to the debts. Before addressing the Debtor's specific arguments, the Court will address the issue of whether the Bankruptcy Rules required the creditors in this case to attach writings to the proofs of claim. To resolve the issue the Court must analyze the interplay between Rule 3001(c)(1) and Rule 3001(c)(3). Rule 3001(c)(1) provides: "Claim Based on a Writing. **Except for a claim governed by paragraph (3) of this subdivision,** when a claim, or an interest in property of the debtor securing the claim, is based on

a writing, a copy of the writing shall be filed with the proof of claim." FED. R. BANKR. P. 3001(c)(1) (emphasis added). Rule 3001(c)(3) then governs claims based on an open-end or revolving consumer credit agreement. Read together, Rule 3001(c)(1) and Rule 3001(c)(3) clarify that a claim based on a writing must include a copy of the writing *unless* the claim is for an open-end or revolving credit agreement described in Rule 3001(c)(3).

Furthermore, the Advisory Committee Note to Rule 3001 puts to rest any doubt about whether a claim for a credit card obligation is intended to be included under the Rule 3001(c)(3) exception to the requirement of a writing. It offers the following explanation:

> [P]aragraph (3) specifies information that must be provided in support of a claim based on an open-end or revolving consumer credit agreement (**such as an agreement underlying the issuance of a credit card**).... To the extent that paragraph (3) applies to a claim, paragraph (1) of subdivision (c) [which requires a writing] is not applicable.

FED. R. BANKR. P. 3001, Advisory Committee Note (2012) (emphasis added).

In short, a credit card claim is a species of an obligation arising under an open-end or revolving consumer credit agreement that is based on a writing but excepted from the requirement that the writing be submitted with the proof of claim.[2]

---

1. A claim for an open-end or revolving consumer credit agreement (other than a claim for a security interest in the debtor's real property) must include the following five items: (i) the name of the entity from whom the creditor purchased the account;

 (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
 (iii) the date of an account holder's last transaction;

(iv) the date of the last payment on the account; and
(v) the date on which the account was charged to profit and loss.
FED. R. BANKR. P. 3001(c)(3)(A)(i)–(v).

2. Prior to the 2012 amendments to Rule 3001, a claimant with a claim based on an open-end or revolving consumer credit agreement was required to attach a copy of the writing upon which the agreement was based. 9 COLLIER ON BANKRUPTCY ¶ 3001.RH[6] (Alan N. Resnick &

## C. Applicable Statute of Limitations for Credit Card Debt

■ Having found that the three proofs of claim at issue are *prima facie* evidence of the validity and amount of each proof of claim and having concluded that neither Portfolio nor LVNV was required to attach the writing that is the basis of its claim to the proofs of claim, the Court will now address the Debtor's additional arguments.

First, because none of the claims attach a writing that binds the Debtor, the Debtor argues the debts should be treated as open accounts to which the three-year statute applies. He states that the proofs of claim show that the last transaction was more than three years from the petition date. Counsel contends that because the last transactions were more than three years from the petition date, each of the disputed claims is time-barred under the applicable three-year statute of limitations and, therefore, must be disallowed as unenforceable under non-bankruptcy law as authorized by 11 U.S.C. § 502(b)(1). As authority, he cites two orders issued by another judge of this Court in 2008 and 2009.

In the first order, which was unpublished, the court sustained an objection to a claim for credit card debt because the claim "sounds like" the definition of an "open account" subject to a three-year statute of limitations under Arkansas law. The court based its decision on an Arkansas Court of Appeals case dealing with the statute of limitations applicable to an open account for legal services, and the court conceded that at that time no Arkansas decision had specifically held which statute of limitations is applicable to credit card obligations. *In re Brown*, Case No. 4:08– bk–13535, Doc. No. 73 (Bankr.E.D.Ark. Oct. 28, 2008) (quoting *Northwest Ark. Recovery, Inc. v. Davis*, 89 Ark. App. 62, 200 S.W.3d 481 (2004)) (hereinafter *"Brown I"*).

The second order, which was issued about six months later in the same bankruptcy case, dealt with a similar objection that a claim stemming from a credit card account exceeded the three-year statute of limitations. The court held that based on the evidence of a written agreement between the parties, the claim was subject to the longer, five-year statute of limitations applicable to written contracts, and because the claim was within the five-year statute applicable to written contracts, the court overruled the objection. *In re Brown*, 403 B.R. 1, 5 (Bankr.E.D.Ark.2009) (hereinafter *"Brown II"*).

Counsel for the Debtor concludes that the conflicting rulings by the same judge regarding similar claims resulted from the fact that the first claimant failed to supply a written agreement related to the account while the second claimant introduced a written agreement at the hearing. He also argues that *Brown I* and *II* stand for the proposition that evidence of a writing that binds the debtor is required before the five-year statute of limitations is applicable.

In addition to the two orders in *Brown I* and *II* discussed above, the Debtor also relies on Section 502(b)(1) of the Bankruptcy Code and Ark. Code Ann. § 16–56–105 to support his arguments. Each will be discussed below.

Starting with the Bankruptcy Code, Section 502 provides that a claim filed in compliance with Section 501 will be al-

---

Henry J. Sommer, et al. eds., 16th ed.). However, as of December 1, 2012, the writing that is the basis of a credit card claim is no longer required to be submitted with this type of proof of claim. *Id.* at ¶ 1001.02[22]. This case was filed after the effective date of the 2012 amendments to Rule 3001.

lowed unless a party in interest objects. If such objection is made, the court, after notice and hearing, will determine the amount of the claim and allow the claim except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. ..." 11 U.S.C. § 502(b)(1) (2012).

The Debtor argues that the claims at issue are unenforceable against the debtor in accordance with Section 502(b)(1) because they are barred by a three-year statute of limitations, which provides that "[a]ll actions founded upon any contract, obligation, or liability not under seal and not in writing" shall be commenced within three years after the cause of action accrues. ARK. CODE ANN. § 16–56–105(1) (2005).

Also relevant to the discussion is a five-year statute of limitations that governs "[a]ctions to enforce written obligations, duties, or rights" and requires such actions to commence within five years after the cause of action accrues. ARK. CODE ANN. § 16–56–111 (2005).

In addition to these authorities, the Court has reviewed other cases and statutes pertinent to this case. In particular, two cases are dispositive of the issue of which statute of limitations applies to debts arising from credit card debt under Arkansas law. The first of these is *In re Pettingill*, a bankruptcy case ruling that a credit card debt arises from a written agreement and, therefore, is subject to the longer, five-year statute of limitations under Arkansas law. *In re Pettingill*, 403 B.R. 624 (Bankr.E.D.Ark.2009). The court in *Pettingill* determined that the issuance of a credit card is an offer, and the contract becomes binding when the card holder retains and uses the card, thereby agreeing to the terms of the written agreement. *Id.* at 628 (citing *Citibank S.D. v.*

*Santoro*, 210 Or.App. 344, 349, 150 P.3d 429, 432 (2006)).

In the second dispositive case, the Arkansas Supreme Court succinctly held, in ruling on a claim under the Fair Debt Collection Practices Act, that a debt based on a credit card contract is subject to the five-year statute of limitations. *Born v. Hosto & Buchan*, 2010 Ark. 292, 372 S.W.3d 324 (2010) (citing *Pettingill*, 403 B.R. 624 (Bankr.E.D.Ark.2009)). This case, citing *Pettingill*, supports the principle implied by Rule 3001(c)(3): a credit card agreement is based on a writing.

Finally, the law and regulations regarding credit cards govern the type of contract created. The Debtor has not refuted and, in fact, agrees that the disputed claims are based on credit card obligations, as stated in each proof of claim. Credit cards are required by federal law to be issued in conjunction with a written agreement. *See* Truth in Lending Act, 15 U.S.C. §§ 1601-1667f (2012); *In re Kendall*, 380 B.R. 37, 45 (Bankr.N.D.Okla.2007) (citing 15 U.S.C. § 1637 (2012), 12 C.F.R. § 226.5a; *In re Taylor*, 363 B.R. 303, 307 (Bankr.M.D.Fla.2007); *eCast Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312, 316 (S.D.Tex.2007); *In re Hughes*, 313 B.R. 205, 210 (Bankr.E.D.Mich.2004); *In re Cluff*, 313 B.R. 323, 334 n. 32 (Bankr. D.Utah 2004), *aff'd*, 2006 WL 2820005 (D.Utah 2006)).

Based on the foregoing discussion, the Court holds that the five year statute of limitations is applicable to credit card debt.

### D. Debtor's Burden of Production

■ Counsel argues in his post-trial brief that the Debtor's objections to claim have rebutted the *prima facie* validity of each contested claim. As stated above, the Debtor did not introduce any evidence at the hearing to rebut the *prima facie* validi-

ty of the proofs of claim but instead argued the *claims themselves* are his evidence.

 The Court has concluded that the proofs of claim are presumptively valid claims and the creditors were not required to attach the writings to the proofs of claims. Case law is clear that to rebut a presumptively valid claim, the objector must offer his own evidence to " 'meet, overcome, or at least equalize' the creditor's claim." *In re Muller*, 479 B.R. at 516; *see also In re Lampe*, 665 F.3d 506, 514 (3d Cir.2011) (requiring objector to produce sufficient evidence to negate the presumption of validity). The evidence must at least equal the probative force of the evidence contained in the claim. *In re Vaughn*, 536 B.R. 670, 675 (Bankr.D.S.C. 2015) (citing *Falwell v. Roundup Funding, LLC (In re Falwell)*, 434 B.R. 779, 784 (Bankr.W.D.Va.2009)); *McKinney v. McKinney (In re McKinney)*, 507 B.R. 534, 555 (Bankr.W.D.Pa.2014) (quoting *In re Wolfe*, 378 B.R. 96, 102 (Bankr.W.D.Pa. 2007) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir.1991))); *In re Crutchfield*, 492 B.R. 60, 69 (Bankr. M.D.Ga.2013) (citing *In re LJL Truck Ctr., Inc.*, 299 B.R. 663, 666 (Bankr.M.D.Ga. 2003)). Such evidence, if believed, would defeat at least one of the essential elements of the claim. *McKinney*, 507 B.R. at 555. "A bare statement that there is lack of documentation is insufficient as a matter of evidentiary burden to destroy the presumption." *In re Cluff*, 313 B.R. at 337 n. 47 (citing *Garner v. Shier*, 246 B.R. 617, 623 (9th Cir. BAP 2000)).

In the instant case, the Debtor in rebuttal has "produced" the observation that there is no evidence of a credit card agreement in the record. His assertion is a "bare statement that there is lack of documentation" that does not amount to evidence to overcome the presumption of va-

lidity. *Id.* The fact that an agreement is not in evidence does not negate, dispute or defeat any statement or item of information included in the proofs of claim, which are presumptively true. The absence of a writing in the proofs of claim and/or the failure to introduce such a document into evidence at the hearing does not disprove that a writing or multiple writings exist to support the claims. The Debtor's burden is to produce probative evidence that will show the underlying contracts were unwritten agreements and, thus, within the three-year statute. He has not done so.

In a similar case, the court rejected the debtors' attack on a proof of claim conforming to Rule 3001, which therefore, as in the instant case, was entitled to the presumption of validity. The debtors argued that the claimant's failure to provide proof of assignment of the claim to a subsequent transferee put the transferee's ownership of the claim at issue and rendered it unenforceable under a state law that required notice of such assignment. *In re Berardi*, No. 12–35856, 2013 WL 6096227 (Bankr.D.N.J. Nov. 20, 2013). The court rejected this argument because the debtors provided no evidence to refute the fact that the claim was assigned as represented in the proof of claim nor did they produce proof of lack of notice of the assignment under state law. A similar failure to meet proof with proof is apparent in the instant case, where the Debtor presented no evidence to refute the fact that the contract was based on a written agreement.

Also important to a disposition of this case is an application of the federal law to which credit cards are subject. The proofs of claim reflect that "credit card" debt is the basis of the claim, a presumed fact which the Debtor does not dispute. The term "credit card," defined under the Truth in Lending Act, relates the three

disputed claims to the body of federal law regulating the "complexity of the relationship" between a card issuer and a card holder. *In re Kendall*, 380 B.R. at 45. Of necessity and by law, such a relationship is disclosed in writing. *Id.* The Debtor failed to produce evidence or even allege that the claim does not comply with the applicable federal law regulating the extension and use of consumer credit. In fact, he admits the claims arose from credit card use.

Furthermore, Rule 3001(c)(1), (c)(3), and the Advisory Committee Note of 2012, when considered together, recognize that credit card debt is based on a writing, proof of which is not required to establish a credit card claim's presumption of validity. The Debtor fails to reconcile Rule 3001(c)(3) and its exception to the writing requirement with his contradictory argument that the credit card creditor must produce a writing to prove the underlying contract is a written document or documents.

Additionally, the Debtor has not addressed the Arkansas Supreme Court's dispositive ruling that a credit card contract is subject to a five-year statute of limitations under Arkansas law. *Born*, 2010 Ark. 292 at 18–19, 372 S.W.3d at 336. In *Born*, the Supreme Court considered the appellants' argument that the Fair Debt Collection Practices Act was violated by the appellees, who allegedly filed a claim barred by the statute of limitations. The appellants contended that filing a complaint without attaching a copy of the written contract upon which it was based rendered the complaint subject to a three-year rather than a five-year statute of limitations.

The facts in *Born* are comparable to those in the instant case, where the Debtor similarly bases his statute of limitations argument on a failure to attach a written contract to the proofs of claim. The Supreme Court dealt with the issue in summary fashion without even addressing whether the absence of the written contract was relevant. The Court stated, "the statute of limitations had not yet run on the underlying complaint because it is undisputed that the debt arose from a credit card contract, which is subject to the five-year statute of limitations." *Id.* (citing *In re Pettingill*, 403 B.R. 624 (Bankr. E.D.Ark.2009)). Implied in the ruling is that credit card contracts are always written; otherwise the five-year statute would not apply.[3]

As to the application of *Brown I* and *II*, the Court finds neither case persuasive authority in support of the Debtor's contentions. The claims in *Brown I* were subject to former Rule 3001 requiring the writing evidencing a credit card agreement. No writing was attached to the claims to establish the presumption of validity or introduced into evidence at the hearing; therefore, the court found the claims were based on open-end accounts subject to a three-year statute for unwritten agreements. Because of the revised Rule 3001, this scenario differs markedly from the instant case where each claim has the benefit of a presumption of validity despite a lack of written agreement. Moreover, *Brown I* was decided prior to the subsequent ruling by the Arkansas Supreme Court in *Born*.

In *Brown II*, the debtor was attempting to rebut the presumption of validity of a

---

**3.** The court in *Pettingill* found the five-year statute of limitations provided for by Ark. Code Ann. § 16–56–111 was applicable to credit card obligations, while the defendant in *Born* argued Ark. Code Ann. § 16–56–115 applied. Section 16–56–115 is broader than Section 16–56–111, but also provides for a five-year statute related to various causes of action. However, the Arkansas Supreme Court specifically ruled pursuant to *Pettingill*.

claim with an attached credit card agreement as required by the version of Rule 3001(c) in effect at the time. In that case, the debtor argued the written agreement was not binding and, therefore, the claim did not come within the definition of a written contract for statute of limitations purposes. The court held, however, that because the debtors received the contract, used the credit card, and made payments on the monthly balance, the claim was based on a written contract subject to the five-year statute.

The reasoning in *Brown II* actually lends support to the later *Pettingill* holding that a credit card debt is based on a written contract subject to the longer statute of limitations. *Brown II* is not on point with the Debtor's argument in the instant case since the credit card agreement was in evidence in *Brown II;* therefore, the case does not stand for the proposition that if a writing is not in evidence, the debt must necessarily be considered an unwritten contract subject to the shorter statute of limitations.

Moreover, to the extent the Debtor argues that no binding contract exists between the parties in the instant case, *Brown II* holds to the contrary. *In re Brown,* 403 B.R. at *4 (stating a contract was formed each time the debtors used the credit card in accordance with the terms of the agreement); *see also In re Pettingill,* 403 B.R. at 628 (deciding that the contract became binding when the debtor retained the credit card and made use of it); *In re Cluff,* 313 B.R. at 334 (reasoning that debtor's use of the line of credit, not the underlying credit card agreement, creates the obligation to repay and is based on a writing). In the instant case, each proof of claim establishes that the last transaction recorded was a payment by the Debtor. Implied in the Debtor's payment to each creditor is that he incurred charges be-

cause he used the credit card. The use evidenced by his payment bound him to the terms of the agreement between the parties.

Based on the foregoing, the Court holds that the Debtor has not rebutted the *prima facie* validity of the creditors' claims and amounts of the claims.

## CONCLUSION

Claim Numbers 7, 8, and 9 comply with the applicable Bankruptcy Rules and are presumed to be *prima facie* evidence of the validity and amount of each claim. The creditors were not required to attach the writings upon which the debts were based to the proofs of claim. The underlying credit card debts are subject to the Arkansas five-year statute of limitations period. The Debtor has failed to rebut the *prima facie* evidence of validity and amount of the claims. Therefore, pursuant to Federal Rule of Bankruptcy Procedure 3001, 11 U.S.C. § 502, Ark. Code Ann. § 16–56–111, the federal Truth in Lending Act and applicable regulations, and relevant case law, the Court overrules each of the Debtor's objections to these claims.

IT IS SO ORDERED