Submitted June 26, 2019, affirmed April 29, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSTIN CHRISTOPHER GOACHER,
*Defendant-Appellant.*

Washington County Circuit Court
17CR70622; A166653

466 P3d 1047

Defendant appeals from a judgment of conviction for one count of second-degree sexual abuse. He assigns error to the condition of probation that requires him to report as a sex offender. He advances a class-based and individual-based theory to argue that ORS 163A.140 violates Article I, section 20, of the Oregon Constitution by exempting other similarly situated classes and individuals from the reporting requirement, but not granting that exemption to him on the same terms. *Held*: The trial court did not err in imposing sex offender reporting requirements. As to his class-based claim, defendant did not identify another group that benefits from the exemption in ORS 163A.140 on terms unequal to those imposed on the groups to which he claims membership in. As to his individual claim, defendant did not show that, when the district attorney made the charging decision that removed the potential for an exemption, he or she acted with a discriminatory or illegitimate motive or had no defensible explanation for his or her action.

Affirmed.

Kirsten E. Thompson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

## MOONEY, J.

Defendant appeals from a judgment of conviction for one count of second-degree sexual abuse, ORS 163.425, assigning error to the condition of probation that requires him to report as a sex offender. He raises a constitutional challenge to ORS 163A.140, under Article I, section 20, of the Oregon Constitution (the equal privileges and immunities clause), contending that the exemption from sex offender reporting that the statute provides is not available to him upon the same terms as it is to others similarly situated. He advances a class-based theory and an individual-based theory and argues that there is no rational basis to require those convicted of second-degree sexual abuse to register and report as sex offenders but to exempt those convicted of third-degree rape from that requirement. The state responds that ORS 163A.140 does not violate Article I, section 20, and that defendant has not shown that the statute deprives him, individually, of any privilege or immunity available to all citizens. We agree with the state and affirm.

Whether application of a law complies with Article I, section 20, is a question of law. *See State v. Clark*, 291 Or 231, 241-43, 630 P2d 810, *cert den*, 454 US 1084 (1981) (applying that standard). We review for legal error.

Defendant had sexual intercourse with a 16-year-old child when he was 20 years old. He first met the victim online through a dating app. Their first in-person contact occurred when defendant picked the victim up at her high school. They had sexual intercourse on their second contact. Defendant was later charged with second-degree sexual abuse, ORS 163.425, which makes it a Class C felony to "subject[] another person to sexual intercourse *** and the victim does not consent thereto." The victim's lack of capacity to consent due to her age was the basis for the lack of consent element of the charge, which is sufficient for second-degree sexual abuse. *State v. Ofodrinwa*, 353 Or 507, 532, 300 P3d 154 (2013). Defendant pleaded guilty to the charge, was convicted of second-degree sexual abuse, and was sentenced to five years of probation on a stipulated sentence. At issue is the condition of probation requiring defendant to register as a sex offender for life and his inability

to qualify for exemption from that requirement under ORS 163A.140.

It is almost always a crime for an adult to have sexual intercourse with a person under 18 years of age. The criminal charges that a district attorney might file depend on various factors, including the age of the victim, mental capacity of the victim, and the perpetrator's relationship to the victim. Generally speaking, the younger the victim, the more serious the crime. First-degree rape, a Class A felony, includes sexual intercourse when the victim is under 12 years of age. ORS 163.375. Second-degree rape, a Class B felony, includes sexual intercourse with another person under 14 years of age. ORS 163.365. Third-degree rape, a Class C felony, includes sexual intercourse with another person under 16 years of age. ORS 163.355.

Second-degree sexual abuse, a Class C felony, includes, among other things, sexual intercourse when the victim does not consent. ORS 163.425. Lack of consent could be because the victim did not, in fact, consent or that the victim lacked legal capacity to consent by reason of age or mental capacity. *Ofodrinwa*, 353 Or at 532. Contributing to the sexual delinquency of a minor, a Class A misdemeanor, prohibits, as relevant here, a male from engaging in sexual intercourse with a female under 18 years of age. ORS 163.435. Sexual misconduct, a Class C misdemeanor, prohibits sexual intercourse with an unmarried person under 18 years of age. ORS 163.445.

Defendant's conduct—sexual intercourse with a 16 year old—does not fit the definition of first-, second-, or third-degree rape. It does qualify, and could be charged as, second-degree sexual abuse, contributing to the sexual delinquency of a minor, or sexual misconduct. Defendant argues that, because second-degree sexual abuse is the only felony that applies "to a defendant whose criminal act was solely sexual intercourse with a 16- to 1[7]-year-old minor," it essentially functions as a kind of "fourth-degree rape." But, the crime of "fourth-degree rape" does not exist under Oregon law, and defendant's use of the term adds confusion rather than clarity to the discussion. We understand defendant's use of the term "fourth-degree rape" to refer

to nonforcible sexual intercourse with a 16- or 17-year-old minor child. Second-degree sexual abuse would include non-forcible sexual intercourse with a 16- or 17-year-old minor child, but it is broader than that and would include other conduct. It would, for example, include nonforcible sexual intercourse with a 14- or 15-year-old minor child. In fact, sexual intercourse with any minor child could be charged as second-degree sexual abuse.

When, as here, a person engages in conduct that can be charged under multiple statutes, the district attorney has discretion to select the most appropriate charge. ORS 8.670 requires district attorneys to institute court proceedings for the arrest of persons reasonably charged with or suspected of crimes when they have information that such crimes occurred and to utilize grand juries when required. A district attorney's power is not wholly ministerial, but instead requires the exercise of discretion in "how and who to prosecute or sue in the name of the state." *Watts v. Gerking et al.*, 111 Or 641, 657, 228 P 135 (1924) (quoting *Farrar v. Steele*, 31 La Ann 640 (1879)).

A person convicted of any of the above sex crimes must register and report as a sex offender. ORS 163A.010 (outlining the sex offender reporting requirements); ORS 163A.005(5) (defining sex crime). ORS 163A.140, however, provides an exemption from the reporting requirement for offenders who are convicted of a qualifying offense and who meet certain other criteria, as follows:

"A person otherwise required to report under ORS 163A.010 *** is not required to report *** if:

"(1)(a)   The person has been convicted of:

"(A)   Rape in the third degree as defined in ORS 163.355;

"(B)   Sodomy in the third degree as defined in ORS 163.385;

"(C)   Sexual abuse in the third degree as defined in ORS 163.415;

"(D)   Contributing to the sexual delinquency of a minor as defined in ORS 163.435;

"(E)  Sexual misconduct as defined in ORS 163.445; ✱✱✱

"✱✱✱✱✱

"(2)(a)  The person is less than five years older than the victim;

"(b)  The victim's lack of consent was due solely to incapacity to consent by reason of being less than a specified age;

"(c)  The victim was at least 14 years of age at the time of the offense or act;

"✱✱✱✱✱

"✱✱✱; and

"(3)  The court enters an order relieving the person of the requirement to report under ORS 163A.145 or 163A.150."

Defendant was not charged with or convicted of a qualifying offense, and, therefore, he is not eligible for an exemption to the sex offender reporting requirement.

We now turn to defendant's arguments. He contends, first, that ORS 163A.140 violates the equal privileges and immunities clause of the Oregon Constitution because it does not grant a reporting exemption on the same terms to all persons who have had sexual intercourse with persons between the ages of 14 and 18 or, more broadly, to all sex offenders. He also argues that the statute violates the privileges and immunities clause, as applied to him as an individual, because it denied him a reporting exemption that others similarly situated were granted. Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

That provision prohibits "inequality of privileges or immunities not available upon the same terms, first, to any citizen, and second, to any class of citizens." *Tanner v. OHSU*, 157 Or App 502, 520, 971 P2d 435 (1998), *rev den*, 329 Or 528 (1999).

We begin with defendant's contention that his Article I, section 20, rights were violated as a member of a class. He must show that (1) he is a member of a group that is a "true class," (2) ORS 163A.140 grants another group a privilege or immunity that defendant's group has not been granted, (3) the differential treatment is based on characteristics the group has that are apart from the statute, and (4) the differential treatment has no rational basis. *Withers v. State of Oregon*, 163 Or App 298, 306, 987 P2d 1247 (1999), *rev den*, 331 Or 284 (2000). *See generally Tanner*, 157 Or App at 525 (concluding that Oregon Health and Science University violated Article I, section 20, when it denied health and life insurance benefits to the unmarried domestic partners of its homosexual employees).

As already mentioned, defendant contends that he is a member of two true classes: (1) people who have had sexual intercourse with minor children between 14 and 18 years of age and (2) sex offenders. He then argues that ORS 163A.140 grants a privilege—exemption from the reporting requirement—to class members on unequal terms. Finally, he argues that there is no rational basis to require those convicted of second-degree sexual abuse to register and report as sex offenders but to exempt those convicted of third-degree rape from that requirement. The state counters that ORS 163A.140 does not implicate Article I, section 20, because defendant is not a member of a true class, *Tanner*, 157 Or App at 520 ("only laws that disparately treat a 'true class' may violate" Article I, section 20), and, even if that constitutional provision is implicated, there is no violation because there is a rational basis for any differential treatment.

Defendant defines his "class" in such a way that it does not implicate Article I, section 20, and instead defeats his class-based theory. That is so regardless of whether the group qualifies as a "true class," an issue we need not, and do not, reach. His identified class includes all sex offenders or, short of that, all persons who have had sexual intercourse with minor children between 14 and 18. But, he does not identify another group that benefits from the exemption of ORS 163A.140 on terms unequal to those imposed on his

group. Instead, he argues that some members of his class are granted the exemption that is denied to other members of the same class without rational basis for the distinction. And, while defendant's argument that it is not rational to require a person who has sexual intercourse with a 16- or 17-year-old to report as a sex offender but not require the same of one who has sexual intercourse with a 14- or 15-year-old strikes a chord, it does not support the class-based privileges and immunities claim he has developed in this case. *See Tanner*, 157 Or App at 525 (an Article I, section 20, violation when all members of the defendant's class (homosexual couples) were denied a privilege granted to all those outside of the defendant's class (heterosexual couples)).

The key prohibition of the equal privileges and immunities clause is unequal treatment of classes—not within classes. An Article I, section 20, challenge to a statute on a class-based theory must raise the question of whether defendant, as a member of the class, is denied a "privilege" or "immunity" that is granted to members of similarly situated classes. Defendant must show that *all* members of his class are denied a privilege that people outside the class are granted. But not all persons who have sexual intercourse with minor children, ages 14, 15, 16, or 17, are denied exemption from the reporting requirement. Defendant has not shown that all members of the classes he identifies are denied exemption from the reporting requirement when members of similarly situated classes are granted the exemption.

Defendant relies on the premise that it is his conduct alone (*i.e.*, having unconsented sexual intercourse with a 16-year-old victim) that precludes him from the reporting exemption available to other defendants who commit crimes involving more serious conduct (*e.g.*, unconsented sexual intercourse with a 14- or 15-year-old victim). That presumption is not accurate because it is not defendant's conduct that grants or denies him access to the reporting exemption. It is the state's decision, made through the district attorney, to charge defendant with a particular statutory crime as a result of that conduct that grants or denies the reporting exemption.

Defendant's conduct led to him being charged with and convicted of second-degree sexual abuse, which is a felony. That same conduct could have led to a charge of contributing to the sexual delinquency of a minor, ORS 163.435, or sexual misconduct, ORS 163.445, which are both misdemeanors. Had defendant been convicted of either of those crimes instead of second-degree sexual abuse, he would have been eligible for the reporting exemption. ORS 163A.140. Another defendant who engages in the same criminal conduct can also be charged with any of the same three offenses. Relatedly, a person who has sexual intercourse with a 14- or 15-year-old can be charged with third-degree rape (exempt) or second-degree sexual abuse (not exempt). It is not membership in one of the classes that defendant identifies that controls the grant or denial of the privilege he seeks; it is the state's decision to charge him with a particular crime. Because not all sex offenders and not all persons who have sexual intercourse with minors are denied a privilege made available to people outside of the identified class, defendant has not established unequal treatment on a class-based theory, and we, therefore, reject his class-based claim.

We turn to defendant's argument that his individual rights under Article I, section 20, were violated. Article I, section 20, prohibits the "unjustified denial of equal privileges or immunities to individual citizens at least as much as against unjustified differentiation among classes of citizens." *Clark*, 291 Or at 239.

> "To bring an individual-based claim under Article I, section 20, a defendant must initially show that the government in fact denied defendant individually an equal privilege with other citizens of the state similarly situated. An agency or official's decision will comply with Article I, section 20, as long as no discriminatory practice or illegitimate motive is shown and the use of discretion has a defensible explanation in the individual case. An executive official's decision will be defensible when there is a rational explanation for the differential treatment that is reasonably related to the official's task or to the person's individual situation."

*State v. Savastano*, 354 Or 64, 96, 309 P3d 1083 (2013) (internal citations, quotation marks, and alterations omitted).

Defendant's individual-based argument under Article I, section 20, is similar to his class-based claim insofar as he argues that the privilege of being exempted from sex offender reporting was denied to him but is available to others in similar situations. He argues that the differential treatment is irrational in scope. Individual- and class-based arguments under the equal privileges and immunities clause may be "interrelated," as they are here, but they are distinct constitutional claims that require different analyses. *Clark*, 291 Or at 237. A person who brings both a class-based and an individual-based claim must sufficiently develop an argument as to each. *Id.* at 238 (class-based and individual-based Article I, section 20, claims provide "two distinct grounds of attack"); *Savastano*, 354 Or at 68 ("This court's cases have analyzed separately individual-based claims *** and class-based claims.").

Defendant argues that he was, in fact, denied the privilege of exemption because of his individual situation. There is no question that defendant's criminal conduct led to a decision by the district attorney to charge defendant under ORS 163.425 rather than ORS 163.435 or ORS 163.445. And, there can be no doubt that different charging decisions have been made regarding other persons who, like defendant, had sexual intercourse with a 16-year-old child. There can likewise be little doubt that charging decisions for those who have sexual intercourse with a 14- or 15-year-old child include crimes that are exempt from reporting (third-degree rape) and those that are not exempt (second-degree sexual abuse). It appears, then, that the potential availability of the exemption is the same for those individuals similarly situated to defendant. Defendant is required to show that the district attorney's decision to charge him under ORS 163.425 did, in fact, deny him the equal privilege of the exemption made available to another similarly situated person. *Clark*, 291 Or at 243. He has not made that particularized showing here.

To make a showing under Article I, section 20, defendant must show that, when the district attorney made the charging decision that removed the potential for an exemption, he or she "either acted for a discriminatory or

illegitimate motive or had no 'defensible explanation' for his or her action." *Savastano*, 354 Or at 83. Defendant has not done that. Therefore, we reject his claim as an individual under Article I, section 20.

Defendant has not established that the imposition of the sex offender reporting requirement as part of his sentence violates Article I, section 20. The trial court did not err in imposing the requirement.

Affirmed.